IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                                    )
TOLORIA GANT,                       )
on behalf of her minor child, B.G., )
1512 Queen Street, N.E.             )
Washington, DC  20002,              )
                       Plaintiff,   )
                                    )
v.                                  )
                                    )
DISTRICT OF COLUMBIA                )
One Judiciary Square                )
441 Fourth Street, NW               )
Washington, DC  20001,              )
                       Defendant.   )
_____ )
```

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Toloria Gant, on behalf of her minor child B.G. and through undersigned counsel, for her complaint herein alleges as follows:

### INTRODUCTION

1. This is a claim for injunctive relief brought under the federal Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400-1461 ("IDEA"), as that law existed prior to July 1, 2005, and under the laws of the District of Columbia, D.C. Code § 38-2501. The Plaintiff seeks an injunction ordering the District of Columbia Public Schools ("DCPS") to do the following: (1) fund independent evaluations of B.G. in all areas of suspected disability, (2) convene an Multidisciplinary Team Meeting ("MDT Meeting") to develop an appropriate individualized education plan ("IEP") for B.G. based on the results of these evaluations, (3) determine an appropriate placement, and (4) provide compensatory education for any deficiencies in B.G.'s free appropriate public education ("FAPE").

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the Plaintiff's federal claims pursuant to 28 U.S.C. § 1331, in that the action arises under the laws of the United States. This Court has subject matter jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), in that the state law claims form part of the same case or controversy as the federal law claims. This Court is a proper venue for this action pursuant to 28 U.S.C. § 1391(b)(1) and (2).

3. The Plaintiff has participated in an impartial administrative hearing conducted by the DCPS Office of Management Services. The Hearing Officer specifically denied all of the Plaintiff's claims and dismissed her case.

## PARTIES

4. Toloria Gant is the adult parent of B.G., a six-year-old boy born on September 14, 1999. Ms. Gant and B.G. reside together in Washington, DC.

5. The District of Columbia is a municipal corporation that receives federal financial assistance in exchange for providing special education and related services.

## FACTS

6. DCPS is an agency of the District of Columbia.

7. B.G. attended Ferebee-Hope Elementary School from September 2004 until January 2005.

8. B.G. attended Young Elementary School for the remainder of the 2004-2005 school year.

9. At several times during the 2004-2005 school year, Ms. Gant requested that DCPS evaluate B.G. for special education and related services.

10. DCPS has never evaluated B.G. in all areas of suspected disability.

11. DCPS cannot determine B.G.'s eligibility for special education and related services, develop an appropriate IEP, or provide an appropriate educational placement until evaluations in all areas of suspected disability are completed.

### COUNT I: FAILURE TO PROVIDE FREE APPROPRIATE PUBLIC EDUCATION

12. The allegations of Paragraphs 1-11 above are incorporated herein as if repeated verbatim.

13. The IDEA requires the Defendant to ensure that all children within their jurisdiction receive a FAPE.

14. The Defendant has deprived and continues to deprive B.G. of his right to a FAPE by failing to evaluate B.G. in all areas of suspected disability and by failing to develop an appropriate IEP and to provide an appropriate educational placement based on the results of these evaluations.

### COUNT II:  FAILURE TIMELY TO COMPLETE EVALUATIONS IN ALL AREAS OF SUSPECTED DISABILITY

15. The allegations of Paragraphs 1-14 above are incorporated herein as if repeated verbatim.

16. District of Columbia law requires DCPS to complete evaluations of a student in all areas of suspected disability within one-hundred-twenty (120) days of receiving a referral.

17. Both the current and former Section 1414 of the IDEA, as it existed prior to July 1, 2005, require the Defendant to conduct a full, initial evaluation of any child in their jurisdiction suspected of having a disability.

18. The Defendant has violated and continues to violate the laws of the District of Columbia and the IDEA by failing timely to evaluate B.G. in all areas of suspected disability.

19. As a result of this violation, B.G. is experiencing an ongoing harm to his educational development.

### COUNT III: FAILURE TO DEVELOP AN APPROPRIATE IEP

20. The allegations of Paragraphs 1-19 above are incorporated herein as if repeated verbatim.

21. The IDEA requires the Defendant to have in effect, at the beginning of each school year, an appropriate IEP for each child with a disability within their jurisdiction.

22. The Defendant has violated and continues to violate IDEA by failing to develop an appropriate IEP for B.G.

23. As a result of this violation, B.G. is experiencing an ongoing harm to his educational development.

### COUNT V:  FAILURE TO PROVIDE AN APPROPRIATE PLACEMENT

24. The allegations of Paragraphs 1-23 are incorporated herein as if repeated verbatim.

25. The IDEA and the laws of the District of Columbia require the defendant to provide, at public expense, each child with a disability in their jurisdiction an appropriate placement reasonably calculated to provide educational benefit.

26. The Defendant has violated and continues to violate the IDEA and the laws of the District of Columbia by failing to provide B.G. with an appropriate school placement that is reasonably calculated to provide educational benefit.

27. As a result of these violations, B.G. is experiencing an ongoing harm to his educational development.

WHEREFORE, the Plaintiff respectfully requests that this Court:

1) Issue an injunction ordering DCPS to do the following:  (a) fund independent evaluations of B.G. in all areas of suspected disability, (b) convene an MDT Meeting to develop an appropriate IEP for B.G. based on the results of these evaluations, (c) determine an

appropriate placement, and (d) provide compensatory education for any deficiencies in B.G.'s FAPE;

2) award the Plaintiff attorneys' fees and costs of this action;

3) award all other relief the Court deems just.

Respectfully submitted,

_____
Douglas Tyrka, #467500
2807 27th St., NW
Washington, DC  20008
(202) 332-0038