IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| TOLORIA GANT,<br>　　　Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA<br>　　　Defendant. | Civil Action No. 05-1991 EGS |

## REPORT OF PARTIES UNDER LOCAL RULE 16.3

**Plaintiff's Statement of the Case and its Bases**

　　The Plaintiff seeks injunctive relief under the federal Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et. seq.* as that law existed prior to July 1, 2005, and under the laws of the District of Columbia, D.C. Code § 38-2501. The Plaintiff seeks an injunction ordering the District of Columbia Public Schools to do the following with regards to her minor son B.G.: (1) fund independent evaluations in all areas of suspected disability, (2) convene an Multidisciplinary Team Meeting to develop an appropriate individualized education plan, (3) determine an appropriate placement, and (4) provide compensatory education.

　　At the administrative hearing in this case, the Defendant bore the burden of proof by District of Columbia regulation. At the hearing, the Plaintiff testified that she had requested special education evaluations and that they had never been done. The Defendant presented no witnesses at all. The Defendant presented no evidence to contradict the Plaintiff's testimony. Nonetheless, the Hearing Officer ruled against the Plaintiff because he found her incredible. In so doing, the Hearing Officer not only inappropriately shifted the burden of proof, but contravened all rules of production and

inference.

**Defendant's Statement of the Case and its Bases**

This is an appeal of a hearing officer's decision, brought under the federal Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400-1461. Plaintiff's alleged that DCPS had failed to evaluation B.G. for special education services. The hearing officer held that DCPS' had reasonably not suspected that B.G.had disabilities because of his excessive absences and the mother's testimony that she had requested special education evaluation was not credible. Therefore, the HOD's conclusion that B.G. had not been denied FAPE was lawful and proper.

**Parties' Proposed Schedule**

The Parties have conferred regarding scheduling, and state as follows:

1. The Parties expect the case to be resolved by dispositive motion.

2. The Parties have not as yet narrowed the issues in dispute, but are currently negotiating to that end.

3. The Parties are currently discussing settlement. Some progress has been made, but it remains unclear whether settlement is possible.

4. The Parties do not think that this case would benefit from ADR.

5. The Parties propose the following deadlines:

    a. March 28, 2006 - Defendants file administrative record and transcript;
    b. May 8, 2006 – Parties' summary judgment motions;
    c. June 5, 2006 – Parties' oppositions;
    d. June 19, 2006 – Parties' replies.

6. The Parties stipulate to dispense with the requirements of Rule 26(a)(1).

7. The Parties do not currently believe that discovery or experts will be necessary.

8. The Parties do not recommend bifurcation.

2

9. The Parties propose that all other scheduling be decided if necessary following the resolution of the motions for summary judgment.

                            Respectfully submitted,

                            /s/ Douglas Tyrka /s/
                            Douglas Tyrka, #467500
                            2807 27th St., NW
                            Washington, DC  20008
                            (202) 332-0038

                            /s/ Carol Burroughs
                            Carol Burroughs, #415432
                            Assistant Attorney General
                            Office of the Attorney General for the
                            District of Columbia
                            441 4th Street, N.W., 6th Floor South
                            Washington, DC  20001
                            (202) 724-6520