IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| | ) | |
| TOLORIA GANT, | ) | |
|         Plaintiff, | ) | |
| | ) | Civil Action No. 05-1991 |
| v. | ) | EGS |
| | ) | |
| DISTRICT OF COLUMBIA | ) | |
|         Defendant. | ) | |
| | ) | |

### RESPONSE TO DEFENDANT'S PRAECIPE

### BACKGROUND

Counsel for the Parties agreed to settlement terms before the last scheduled hearing, on March 29, 2006. By agreement, counsel informed the Court of that fact before the hearing time, and the Court canceled the hearing.

While the formal documents were being drafted, Plaintiff's counsel confirmed the terms through e-mails with Defendant's counsel. Plaintiff's counsel laid out the terms in an e-mail of March 30, 2006. Exhibit 1. In an e-mail of April 3, 2006, Plaintiff's counsel requested a response to the March 30 e-mail, noting that "[i]t contains the exact terms upon which we agreed Wednesday morning." Exhibit 2. On April 5, 2006, Plaintiff's counsel again requested a response, noting, "It's been a week since we settled the case by phone[.]" Exhibit 3.

In response, Defendant's counsel never disputed that the case had been settled by telephone. Instead, on April 5, 2006, Defendant's counsel Edward Taptich sent an e-mail to Plaintiff's counsel to "confirm that the substantive terms reflected in your March 30 email to Carol Burroughs are indeed those that have been agreed on." Exhibit 4.

On July 13, 2006, Katherine Rodi of the District of Columbia Public Schools

1

("DCPS") Office of the General Counsel signed the formal settlement. On the morning of July 14, 2006, Plaintiff's counsel signed that same document and delivered it to Ms. Rodi.

The formal agreement contains a signature line for Ms. Gant personally. However, Plaintiff's counsel has executed at least twenty similar agreements with DCPS over the past few years, many of which included a signature line for the client, and DCPS has never requested the client's signature. In fact, in cases in which agreements were drafted each with a signature line only for the parent, the practice has been to delete that line and replace it with a line for counsel.

Ms. Gant has been aware of the settlement terms for some time, and has approved them. Furthermore, Ms. Gant has executed a Power of Attorney authorizing Plaintiff's counsel to settle this case.

Shortly before the Plaintiff filed her Stipulation, late afternoon on July 14, 2006, the day of the Court's deadline for a status report, Defendant's counsel Carol Burroughs informed Plaintiff's counsel that Mr. Taptich, her supervisor, did not consider the case settled until the Plaintiff signed the agreement personally.

Contrary to the Defendant's statement in the Praecipe, Ms. Burroughs did not represent that that was also the position of Ms. Rodi, the signatory to the agreement, or DCPS. To the contrary, in response to Plaintiff's counsel's specific question of whether Ms. Burroughs had asked Ms. Rodi about the issue, Ms. Burroughs continued to refer only to "Ed's position."[1]

---

[1] Mr. Taptich exercises very close control over Ms. Burroughs' cases, but rarely involves himself directly. For that reason, Ms. Burroughs and Plaintiff's counsel regularly find themselves in the position of discussing "Ed's" concerns and wishes, and attempting to address them. The Defendant's latest Praecipe is notable in that Mr. Taptich filed it himself. He may be unaware of all of the details of the conversation between Ms. Burroughs and Plaintiff's counsel.

In response, Plaintiff's counsel informed Ms. Burroughs that he considered the case settled by the March agreement and the recent formalization, but offered to obtain the Plaintiff's signature to satisfy Mr. Taptich. Immediately following that conversation, Plaintiff's counsel arranged for the agreement to be mailed to the Plaintiff.[2]

Shortly after the conversation with Ms. Burroughs, Plaintiff's counsel filed the Plaintiff's notice dismissing the case and notifying the Court of the terms of the settlement.

On the evening of July 14, 2006, Mr. Taptich sent an e-mail to Plaintiff's counsel complaining about the Plaintiff's Stipulation and demanding, upon threat of a filing with this Court, that Plaintiff's counsel obtain Ms. Gant's signature within two business days. In response, Plaintiff's counsel stated the Plaintiff's position that an enforceable agreement existed, laid out the many facts supporting that position as stated above, and informed Mr. Taptich that the agreement had already been sent to Ms. Gant "to make [him] happy."

At 8:48 a.m. on July 19, Mr. Taptich sent an e-mail to Plaintiff's counsel stating his assumption that Ms. Gant had not signed the agreement, and requesting to see a copy of the power of attorney executed by Ms. Gant. Plaintiff's counsel, who had a string of hearings that day starting at 9:00 a.m., did not see that e-mail until the evening.

A few hours after that e-mail, Plaintiff's counsel had a telephone conversation (via cell phone, between hearings) with Mr. Taptich about another case. Mr. Taptich never inquired as to the status of Ms. Gant's signature or otherwise mentioned this case.

---

[2] Ms. Gant returned the signed agreement on July 21, and Plaintiff's counsel forwarded it to Ms. Rodi and Ms. Burroughs that day.

3

**ARGUMENT**

**I.    A Settlement in this Case was Reached in March, via Telephone, and Later Memorialized in at Least Two Writings**

As recounted above, counsel for the Parties agreed to terms via telephone in March. Plaintiff's counsel referred to that fact in subsequent e-mails, and Defendant's counsel – Mr. Taptich personally – never contested that statement in his responsive e-mail.

Mr. Taptich's responsive e-mail confirmed the terms as presented in Plaintiff's counsel's e-mail. Had there been any question whether the case had been settled before that point, Mr. Taptich's e-mail would have sealed the settlement on April 5, 2006.

Plaintiff's counsel's signature on the formal agreement on July 14, 2006 further memorialized the settlement. Had there been any question whether the case had been settled before that point, that signature would have completed the agreement, given that DCPS' practice is to accept counsel's signature on settlement agreements, and Ms. Gant has given counsel a power of attorney regardless.

**II.    The Defendant Had Neither a Legitimate Ethical Concern nor a Practical Purpose to Justify its Praecipe**

Given that prior to the filing of the Defendant's Praecipe Plaintiff's counsel had explained to Mr. Taptich the several reasons why the Plaintiff's position was that the case was settled, Mr. Taptich knew that, at most, any disagreement was a matter of legal interpretation. Unless the Defendant's position is that the expression of an opinion contrary to Mr. Taptich's constitutes dishonesty, the Defendant had no legitimate concern regarding candor to the court.

The Defendant also had no legal interest to protect in filing its Praecipe. The Plaintiff had dismissed the case. Though, as the Defendant points out, the agreement

places some minor obligations on Ms. Gant, they operate only as conditions upon DCPS' obligations. That is, were the case not actually settled, and Ms. Gant were to contend in the future that the agreement did not bind her, DCPS would be absolved of its burden to comply, and would suffer no imaginable harm.

### III.    The Defendant's Praecipe is a Transparent Attempt to Sling Mud at Plaintiff's Counsel

Given that 1) the Defendant had no interest at stake, 2) it was clear that at most the Parties had a disagreement of law, not fact, and 3) Plaintiff's counsel had already taken action to address Mr. Taptich's alleged concern, Mr. Taptich's motivation for filing the Praecipe would be in question were it not for the last paragraph of the Praecipe.

In that paragraph, Mr. Taptich alleges personal concern for candor to the court, refers to an unrelated Court of Appeals case argued by Plaintiff's counsel, and refers to possible relevance "in other future actions."

In the Court of Appeals case, Judge Sentelle upbraided Plaintiff's counsel and strongly suggested the presence of "petifogging." If the Court considers that issue relevant to this or any case, Plaintiff's counsel welcomes the opportunity to explain the facts of that case, which opportunity was denied by the Court of Appeals.

The Defendant asks this Court globally to condemn Plaintiff's counsel on the basis of an entirely unrelated case, and to consider that condemnation when deciding future cases. The Defendant uses the mechanism of a praecipe to make that suggestion.

Mr. Taptich has thus wasted this Court's resources, the taxpayers' money that funds his salary, and Plaintiff's counsel's time. Whatever is Mr. Taptich's personal agenda regarding Plaintiff's counsel and its basis, he should not abuse federal procedure to pursue it.

Respectfully submitted,


/s/ Douglas Tyrka /s/
Douglas Tyrka, #467500
2807 27th St., NW
Washington, DC  20008
(202) 332-0038