## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **TOLORIA GANT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Civ. No. 05-1933 (EGS)** |
| | ) |
| **DISTRICT OF COLUMBIA,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## NOTICE RE RESPONSE TO PRAECIPE

The Defendants, by counsel, note the following concerning the "Response to Defendant's Praecipe," filed July 26, 2006.

The Defendant's Praecipe related the following: (1) that the settlement agreement states that the parent's execution of the document is required; (2) that the agreement had not been executed by the parent; (3) that Plaintiff's counsel was advised before his filing with the Court that neither DCPS nor this Office considered the matter settled until the agreement was executed by the parent; and (4) that Plaintiff's counsel was advised before his filing that it should not be represented to the Court otherwise.

Nowhere in the remarkable six-page personalized diatribe directed to the undersigned are any of these facts disputed. Nor could they be.  See the attached.

Instead, the Court is treated to a lengthy description of events in April, a labored explanation of why the agreement doesn't *really* mean what it says, and a troubled claim that the undersigned is out to get counsel.[1]

---

[1]  The undersigned will not respond to the many gratuitous characterizations and speculations concerning the undersigned's responsibilities, his conduct of Office affairs, and his understanding of the facts.   None is relevant, and few are accurate.

The undersigned and this Office considers candor and accuracy with the Court important and necessary.  At the time of its filing, the Plaintiff's "Notice" that a settlement had been reached was, in our opinion, misleading and inaccurate.  We had so advised counsel prior to that filing, had urged that he get his client's signature prior to making that filing, and even after the filing, accorded counsel a period of time to confirm his client's execution of the agreement, or to provide – as counsel asserted he had – a "power of attorney" confirming his authority to sign for his client.  Neither was forthcoming.

As a party to this case, we believed we had an obligation to the Court to advise it of the facts.  That counsel may believe that his latitude in dealing with the Court permits such fast-and-loose conduct did not relieve us of that responsibility.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

**/s/ Edward P. Taptich**
EDWARD P. TAPTICH [#012914]
Chief, Equity Section II
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-7334
edward.taptich@dc.gov

July 27, 2006