**Taptich, Edward (OAG)**

| | |
|---|---|
| **From:** | Taptich, Edward (OAG) |
| **Sent:** | Friday, July 14, 2006 5:41 PM |
| **To:** | 'tyrka@tyrkalaw.com' |
| **Cc:** | Burroughs, Carol (OAG); 'Rodi, Katherine (OGC)'; 'Harris-Lindsey, Quinne (OGC)' |
| **Subject:** | Gant v. DC, Civ. No. 05-1991 (D.D.C.) |
| **Importance:** | High |

Earlier this afternoon, you filed with the Court a copy of the partially signed Settlement Agreement, transmitting it as a "Notice of Settlement," and stating that "[t]he Parties have resolved all matters by the settlement attached hereto."

Prior to you filing that document, we advised you that we did not consider the Settlement Agreement effective or final unless and until your client signed the document. In fact, your client has not signed the document, and DCPS has had no independent indication from your client that the terms of the agreement are acceptable.

As counsel, you're certainly privileged to dismiss the court case, and any authorization problems that might flow from that action is a matter between you and your client. However, as a matter of contractual settlement with DCPS or the District – a matter that establishes obligations and entitlements between *the parties* – you were advised that neither DCPS nor this Office considered the agreement final until executed by your client. Indeed, the proposed agreement, signed by you today but sent to you weeks ago, has always specifically called for your client's signature.

I believe we have a duty of candor to the Court. Contrary to your indication to the Court, this matter has not yet been "settled," since your client – whose cooperation will be necessary to effectuate them – has yet to assent to the agreement terms. Unless we have a copy of the agreement executed by your client within the next two business days, I believe we have an obligation to advise the Court of the inaccuracy of your filing today.


Edward P. Taptich
Chief, Equity Section II
Civil Litigation Division, OAG
441 4th St, N.W., 6th Fl. South
Washington, DC 20001
202.724.7334

Confidentiality Notice: This message is being sent by a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.

**Taptich, Edward (OAG)**

**From:** Taptich, Edward (OAG)
**Sent:** Wednesday, July 19, 2006 8:48 AM
**To:** 'Douglas Tyrka'
**Cc:** Burroughs, Carol (OAG); 'Rodi, Katherine (OGC)'
**Subject:** RE: Gant v. DC, Civ. No. 05-1991 (D.D.C.)

Having heard nothing, I will assume, absent your advice to the contrary, that the parent has not yet signed the settlement agreement. If, as you suggest, you have a power of attorney to execute the agreement on behalf of your client, I'd appreciate seeing that document.

**From:** Douglas Tyrka [mailto:tyrka@tyrkalaw.com]
**Sent:** Sunday, July 16, 2006 1:49 PM
**To:** Taptich, Edward (OAG)
**Cc:** Carol Burroughs
**Subject:** Re: Gant v. DC, Civ. No. 05-1991 (D.D.C.)

I surprised that you have nothing better to do than this.

My client is informed of all of the terms of the settlement, and agrees to them. Furthermore, my client has given me a written power of attorney authorizing me to settle this case, among other things. Nothing in the current written agreement indicates that my signature is not sufficient, and DCPS (the other signatory to the agreement) regularly accepts my signature on behalf of my clients in nearly identical form settlements. Regardless, the agreement was sent to my client on Friday for her signature, to make you happy.

Independent of the latest written agreement, we already agreed on the settlement by e-mail several weeks ago. That agreement constituted a completed settlement. The current written agreement just clarifies a few terms.

For those two reasons, I have been completely accurate in my statements to the court. I have no doubt whatsoever that the settlement is legally binding right now, whatever you think. If you disagree, as you apparently do, you can file something and leave the judge to ponder, as I have, over what exactly your point is.

My client's only real obligation to yours is to dismiss the case, which we've done. Any other obligations operate only as conditions on your client's obligations. If, as you contend, we have not actually settled until Ms. Gant personally signs, I fail to see how your client is prejudiced in any way.

Given that, I would have difficulty understanding your motives here if I didn't already know you. This is yet another condescending and melodramatic power play. Ho-hum.

---

This electronic message transmission contains information from the law office of Douglas Tyrka which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.

If you have received this electronic transmission in error, please notify us by telephone (202-332-0038) or by electronic mail (mail@tyrkalaw.com) immediately.

----- Original Message -----
**From:** Taptich, Edward (OAG)
**To:** 'tyrka@tyrkalaw.com'

**Cc:** Burroughs, Carol (OAG) ; 'Rodi, Katherine (OGC)' ; 'Harris-Lindsey, Quinne (OGC)'
**Sent:** Friday, July 14, 2006 5:40 PM
**Subject:** Gant v. DC, Civ. No. 05-1991 (D.D.C.)

Earlier this afternoon, you filed with the Court a copy of the partially signed Settlement Agreement, transmitting it as a "Notice of Settlement," and stating that "[t]he Parties have resolved all matters by the settlement attached hereto."

Prior to you filing that document, we advised you that we did not consider the Settlement Agreement effective or final unless and until your client signed the document. In fact, your client has not signed the document, and DCPS has had no independent indication from your client that the terms of the agreement are acceptable.

As counsel, you're certainly privileged to dismiss the court case, and any authorization problems that might flow from that action is a matter between you and your client. However, as a matter of contractual settlement with DCPS or the District - a matter that establishes obligations and entitlements between *the parties* - you were advised that neither DCPS nor this Office considered the agreement final until executed by your client. Indeed, the proposed agreement, signed by you today but sent to you weeks ago, has always specifically called for your client's signature.

I believe we have a duty of candor to the Court. Contrary to your indication to the Court, this matter has not yet been "settled," since your client - whose cooperation will be necessary to effectuate them - has yet to assent to the agreement terms. Unless we have a copy of the agreement executed by your client within the next two business days, I believe we have an obligation to advise the Court of the inaccuracy of your filing today.


Edward P. Taptich
Chief, Equity Section II
Civil Litigation Division, OAG
441 4th St, N.W., 6th Fl. South
Washington, DC 20001
202.724.7334

Confidentiality Notice: This message is being sent by a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.